IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 23, 2005

## IN RE M.W.M., W.W.M., S.M.M., & A.M.M.

**Appeal from the Chancery Court for Lawrence County**
**No. 11033-02       Tim Hamilton, Judge**

---

**No. M2005-00053-COA-R3-PT - Filed August 1, 2005**

---

WILLIAM B. CAIN, J., concurring.

The evidence in this case, both as to termination of parental rights and to the best interest of the children, indicates that termination of parental rights would survive even the ultimate standard of "beyond a reasonable doubt."

I adhere to my longstanding disagreement with the majority in its assertion that:

> The heightened burden of proof mandated by Tenn. Code Ann. § 36-1-113(c)(1) requires us to adapt Tenn. R. App. P. 13(d)'s customary standard of review for cases of this sort. First, we must review the trial court's specific findings of fact de novo in accordance with Tenn.R.App. P. 13 (d). Thus, each of the trial court's specific factual findings will be presumed to be correct unless the evidence preponderates otherwise. Second, we must determine whether the facts, either as found by the trial court or as supported by the preponderance of the evidence, clearly and convincingly establish the elements required to terminate a biological parent's parental rights. *Jones v. Garrett*, 92 S.W.3d at 838; *In re Valentine*, 79 S.W.3d at 548-49; *In re S.M.*, 149 S.W.3d at 640; *In re M.J.B.*, 140 S.W.3d at 654.[9]

[9]These decisions draw a distinction between specific facts and the combined weight of these facts. Tenn.R.App.P. 13(d) requires us to defer to the trial court's specific findings of fact as long as they are supported by a preponderance of the evidence. However, we are the ones who must then determine whether the combined weight of these facts provides clear and convincing evidence supporting the trial court's ultimate factual conclusion. The Tennessee Supreme Court used this approach in *In re Valentine* when it recognized the difference between the conclusion that a biological parent had not complied substantially with her obligations in a permanency plan and the facts relied upon by the trial court to support this conclusion. *In re Valentine*, 79 S.W.3d at 548-49; *see also Jones v. Garrett*, 92 S.W.3d at 838-39.

This effort to separate "clear and convincing evidence" as a standard for the initial trier of fact from "clear and convincing evidence" in applying the proper standard of appellate review is like

trying to separate the inseparable. The "clear and convincing evidence" standard is the same both at the trial level and at the appellate level, and likewise at both levels, a "preponderance of the evidence" standard and a "clear and convincing evidence" standard are totally incompatible. The reasons supporting my view are set forth at length in *Estate of Acuff v. O'Linger*, 56 S.W.3d 527, 535-37 (Tenn.Ct.App.2001) and *In re Z.J.S. and M.J.P.*, No. M2002-02235-COA-R3-JV (Tenn.Ct.App.2003).

Since under any standard of review termination of parental rights in this case is unassailable, I concur in the judgment.

_____

WILLIAM B. CAIN, JUDGE